**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

|  |  |
|---|---|
| RONALD MORELLO,<br><br>    Plaintiff,<br><br>  v.<br><br>NEW YORK STATE DIVISION<br>OF PROBATION AND PAROLE,<br><br>    Defendant. | Case No. 2:06-CV-848 PGC<br><br>**ORDER FOR TRANSFER**<br>**TO APPROPRIATE VENUE** |

Plaintiff, Ronald Morello, currently confined in the Garfield County Jail in Panguitch, Utah, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (2006).  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 *id.* 1915.  This case is now before the Court for screening of Plaintiff's complaint under 28 U.S.C. § 1915(e) and consideration of Plaintiff's motion for a preliminary injunction.

**ANALYSIS**

**I. Background**

Plaintiff's Complaint, filed on October 4, 2006, names the New York State Division of Probation and Parole as the sole defendant.  The only relief sought in the Complaint is an injunction prohibiting Defendant from transporting Plaintiff to the State of New York by automobile, due to Plaintiff's medical condition.  The Complaint is written on the standard fill-in-the-

blank Civil Rights Complaint form routinely provided to prisoners by the Court, and is signed under penalty of perjury.  Inserted into the complaint at page four is what appears to be a separate document entitled "Request for Injunction," along with numerous documents that appear to be medical clearances for various items associated with Plaintiff's medical condition.  The Request for Injunction is signed separately and includes at the bottom a "Certificate of Service" stating that a copy was sent to the Utah Attorney General's office.  Also included with the Complaint is a copy of a letter addressed to Defendant, explaining Plaintiff's medical condition and the possible risks he will face if transported to New York by car rather than airplane.

    Plaintiff alleges in his Complaint/Request for Injunction that he is scheduled to be paroled from the Garfield County Jail on March 13, 2007.  Plaintiff states that "New York State has a detainer lodged against [him] and is supposed to pick [him] up on that date, usually by a private company called Transcor which transports by van."  (Compl. at 5.)  Plaintiff asserts that due to severe varicose veins and deep vein thrombosis he is highly susceptible to pulmonary embolisms if subjected to prolonged sitting or standing.  Thus, Plaintiff seeks an injunction "barring New York parole authorities from transporting [Plaintiff] back [to New York] by an other means than air . . . ."  (Compl. at 5.)

On February 12, 2007, Plaintiff filed a document styled "Request for Preliminary Injunction" which consists of a single hand-written page bearing Plaintiff's signature.  In this motion Plaintiff requests "a preliminary injunction barring transport by van pending the Court's decision regarding Plaintiff's request of inunction [in his Complaint]. . . ."  (Req. Prelim. Inj. at 1.) Plaintiff's motion asserts that a preliminary injunction is warranted because his case may not be decided by his scheduled transport date and "if Plaintiff does not have an order by the Court in hand, [he will] be ordered, or forced, into the van." (Req. Prelim. Inj. at 1.)

## II. Jurisdiction and Venue

The Court first addresses whether it can exercise personal jurisdiction over the defendant in this matter, and whether venue is proper in the District of Utah.  Although the *in forma pauperis* statute contains no express authorization for a dismissal for lack of personal jurisdiction or venue, *see* 28 U.S.C. § 1915, the Tenth Circuit has held that a district court may, in certain limited circumstances, properly dismiss under § 1915 based on those affirmative defenses. *Trujillo v. Williams, 465 F.3d 1210, 1216 (10th Cir. 2006)*.  The district court may consider personal jurisdiction and venue *sua sponte* under § 1915 "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Id.*

3

(*quoting* *Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995)).

Here, the defenses of lack of personal jurisdiction and improper venue are obvious from the face of Plaintiff's Complaint.  Although Plaintiff purportedly mailed a copy of his Request for Injunction to the Utah Attorney General's office, the New York State Division of Probation and Parole is the only defendant named in the Complaint.  In addition, it is clear from Plaintiff's allegations that no Utah agency is able to provide Plaintiff with the relief he seeks.  Thus, the Court will consider the issue of personal jurisdiction in this case *sua sponte*.

In determining whether it has personal jurisdiction over Defendant, the Court must evaluate "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan,* 205 F.3d 1206, 1209 (10th Cir. 2000).  Because 42 U.S.C. § 1983 does not confer nationwide jurisdiction, pursuant to Fed. R. Civ. P. 4(k)(1)(A) the Court must rely instead upon the Utah long-arm statute.  *See* Utah Code Ann. § 78-27-22 (West 2006).  The Utah Supreme Court has held Utah's long-arm statute to be coextensive with the constitutional limitations imposed by the Due Process Clause.  *See* *Abbott G. M. Diesel, Inc. V. Piper Aircraft Corp.*, 578 P.2d 850, 853 (Utah 1978).  Thus,

the Court may exercise jurisdiction over a nonresident defendant under Utah's long-arm statute only if consistent with the Due Process Clause.

The exercise of jurisdiction over a nonresident defendant comports with due process "'so long as there exist minimum contacts between the defendant and the forum State.'" *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.,* 205 F.3d 1244, 1247 (10th Cir. 2000). In this case, the only contact Plaintiff alleges the New York defendant to have with the State of Utah is the detainer lodged against Plaintiff. Under Tenth Circuit precedent such limited contact is insufficient to permit the Court to assert personal jurisdiction over the New York State Department of Probation and Parole in compliance with due process. *See Trujillo v. Williams*, 465 F.3d 1210, 1219-20 (10th Cir. 2006) (*quoting OMI Holdings, Inc. v. Royal Ins. Co.,* 149 F.3d 1086, 1092 (10th Cir. 1998)). Thus, the Court finds that it lacks personal jurisdiction over the defendant in this case.

### III. Proper Cure for Jurisdictional Defect

Under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, and Tenth Circuit precedent, a court may *sua sponte* cure jurisdictional and venue defects by transferring a suit, rather than dismissing it without prejudice, if doing so would be

5

"in the interest of justice."[1]  *See United States v. Botefuhr*, 309 F.3d 1263, 1274 n. 8 (10th Cir. 2002) (interpreting the phrase "if it is in the interest of justice" to grant the district court discretion in deciding whether to transfer an action or dismiss it without prejudice).  The Tenth Circuit has directed that, "after the enactment of § 1631, where the court determines that it lacks jurisdiction and the interests of justice require transfer rather than dismissal, '[t]he correct course . . . [is] to transfer the action pursuant to [§ 1631].'" *Trujillo*, 465 F.3d at 1223 (*quoting Ross v. Colo. Outward Bound Sch., Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987)).

Plaintiff's Complaint and Request for Preliminary Injunction allege that Plaintiff is in imminent danger of being transferred to New York by agents of the New York State Division of Probation and Parole without proper care for his serious

---

[1]. Section 1406(a) reads:
The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.  28 U.S.C. § 1406(a).
   Section 1631 reads in relevant part:
Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.  28 U.S.C. § 1631.

medical needs, in possible violation of the Eighth Amendment. This Court is unable to provide Plaintiff with any relief because it lacks personal jurisdiction over the Defendant in this case. However, requiring Plaintiff to re-file this action in the appropriate court, following dismissal without prejudice here, would likely prevent Plaintiff's Request for Injunction from being heard before his transfer is carried out.  Thus, the Court finds that it is in the interest of justice to transfer this case to the appropriate venue, rather than dismiss it.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that this case be **transferred forthwith** under 28 U.S.C. § 1631 to the United States District Court for the Northern District of New York.  *See* 28 U.S.C.A. § 1631 (West 2006).  The Clerk of Court is directed to forward the entire case file, along with a copy of this order, in the most expeditious manner.

BY THE COURT:

DATED this 15th day of February, 2007.

_____
Paul G. Cassell
United States District Judge